UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>        v.<br><br>MUNIR WALJI,<br><br>                    Defendant. | CASE NO. 2:23-cr-00011-TL<br><br>ORDER ON SUPPLEMENTAL MOTIONS *IN LIMINE* |

This matter is before the Court on the Government's Supplemental Motions *in Limine*. Dkt. No. 149. Having reviewed Defendant Munir Walji's response (Dkt. Nos. 151 (sealed), 152) and the relevant record, the Court GRANTS IN PART and DENIES IN PART the motions as follows.

## I. BACKGROUND

Mr. Walji is charged by superseding indictment with one count of Sexual Abuse of a Minor in Special Aircraft Jurisdiction, *see* 18 U.S.C. §§ 2243(a), 2246(2), 49 U.S.C. § 46506(1), and one count of Abusive Sexual Contact in Special Aircraft Jurisdiction, *see* 18 U.S.C. § 2244(b), 49 U.S.C. § 46506(1). On August 12, 2024, in advance of trial, both Parties filed

unopposed motions *in limine*, which this Court granted. *See* Dkt. Nos. 123, 124. On August 29, Mr. Walji (through counsel) notified the Government of his intention to introduce character evidence as well as certain photo evidence. Dkt. No. 149 at 2, 7. On August 30, counsel provided the following information regarding the character evidence:

> 1. Dr. Robin Thomas: Has known my client for decades and is a close family friend and previous neighbor. She is familiar with my client's reputation and demeanor. She can testify to pertinent traits including law abiding behavior, honesty, integrity, formality/respectful, morality, sexual morality, decency, tact, conscientiousness (particularly around children), kindness, generosity, hospitality, etc.
>
> 2. Sherin Singh: Has known my client for 10 years and is a close family friend. She is familiar with my client's reputation and demeanor. She can testify to pertinent traits including law abiding behavior, honesty, integrity, formality/respect for others, morality, sexual morality, decency, tact, conscientiousness (particularly around children), kindness, generosity, hospitality, etc.
>
> 3. Rajrikant Shah: has known my client for about 40 years. They are close personal friends. He can testify to pertinent traits including law abiding behavior, honesty, integrity, formality/respect for others, morality, sexual morality, decency, tact, conscientiousness (particularly around children), kindness, generosity, hospitality, etc.
>
> 4. Edmond Lee: They are close personal friends. He can testify to pertinent traits including law abiding behavior, honesty, integrity, formality/respect for others, morality, sexual morality, decency, tact, conscientiousness (particularly around children), kindness, generosity, hospitality, etc.
>
> 5. Linda Hamilton: They are close personal friends. She can testify to pertinent traits including law abiding behavior, honesty, integrity, formality/respect for others, morality, sexual morality, decency, tact, conscientiousness (particularly around children), kindness, generosity, hospitality, etc.

Dkt. No. 149 at 2–3. Counsel also provided a proposed Exhibit 9, which appears to be a screen shot from the internet of a product sales page for the model of black jeans allegedly worn by the minor victim (and witness) in this matter. *See* Dkt. No. 149-1 (photo).

The Government now brings the instant supplemental motions *in limine* to exclude most of the proffered evidence. *See* Dkt. No. 149. Mr. Walji opposes. *See* Dkt. No. 151.

## II. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009) (citation omitted). In ruling on motions *in limine*, the Court is generally guided by Federal Rules of Evidence ("FRE") 401, 402, and 403. *See* Fed. R. Evid. 401 (defining relevant evidence); *id.* 402 (relevant evidence is generally admissible); *id.* 403 (relevant evidence may be excluded if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence"). While the FRE do not explicitly permit motions *in limine*, they are a part of a "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* is ordinarily granted only if the evidence at issue is inadmissible on all potential grounds; if not, the evidentiary ruling is better deferred until trial, to allow for questions of foundation, relevancy, and prejudice to be resolved with the appropriate context. *See United States v. Sims*, 550 F. Supp. 3d 907, 912 (D. Nev. 2021). A motion *in limine* should not be used to resolve factual disputes or weigh evidence. *Id.*; *Liu v. State Farm Mut. Auto. Ins. Co.*, No. C18-1862, 2021 WL 717540, at *1 (W.D. Wash. Feb. 24, 2021).

A court's ruling on a pre-trial motion *in limine* is preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g.*, *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000) ("[*I*]n limine rulings are not binding on the trial judge, and the judge may always change his mind during the course of a trial."). "Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Luce*, 469 U.S. at 41–42; *see also City of Pomona v. SQM N.*

*Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017) (district court may change its *in limine* ruling at trial if testimony brings unanticipated facts to the court's attention).

### III.   DISCUSSION

**A.   Character Evidence**

"Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). However, "a defendant may offer evidence of the defendant's pertinent trait, and if the evidence is admitted, the prosecutor may offer evidence to rebut it." Fed. R. Evid. 404(a)(2)(A). "When evidence of a person's character or character trait is admissible, it may be proved by testimony about the person's reputation or by testimony in the form of an opinion." Fed. R. Evid. 405(a).[1] "On cross-examination of the character witness, the court may allow an inquiry into relevant specific instances of the person's conduct." *Id.* Character evidence remains subject to the balancing test of FRE 403. *See Holmes v. South Carolina*, 547 U.S. 319, 326 (2006) ("[W]ell-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." (citing, *inter alia*, FRE 403)).

As an initial matter, the Government "agrees [Mr. ]Walji should be able to offer evidence under Fed. R. Evid. 404(a) as to his reputation for sexual morality and reputation for law-abiding behavior." Dkt. No. 149 at 5. Mr. Walji notes this concession and adds that "sexual morality *and decency* are pertinent traits" in this matter. Dkt. No. 151 at 3. Given the Government's concession and the sexual nature of the charges in this matter, the Court will permit Mr. Walji to

---

[1] Mr. Walji does not argue (and thus the Court does not address) whether any of his proffered character traits are "an essential element of a charge, claim, or defense" such that "relevant specific instances" of his conduct could be offered. Fed. R. Evid. 405(b).

ORDER ON SUPPLEMENTAL MOTIONS IN LIMINE - 4

introduce character evidence as to his reputation for sexual morality/decency and law-abiding behavior. *See, e.g.*, *United States v. Weber*, No. CR21-28, 2022 WL 2463039, at *3 (D. Mont. July 6, 2022) (finding that sexual morality was a pertinent trait in a possession of child pornography case).

However, the Government also moves to exclude evidence "that [Mr. Walji] possessed a generally 'good' character— that is, that he is a good person, a family man, or is generous, religious, moral, or hard-working." Dkt. No. 149 at 4. This would include evidence of "honesty, integrity, kindness, and generosity" (*id.* at 4) as well as "formality, respectfulness, tact, conscientiousness (particularly around children), and hospitality" (*id.* at 6) and "morality and decency" (*id.*). This would also include evidence of "specific acts of good conduct." *Id.* at 5. Finally, the Government moves to limit Mr. Walji to one character witness "because they will all offer the same character testimony." Dkt. No. 149 at 7. In response, Mr. Walji argues that "honesty" is a pertinent character trait because the Government is likely to accuse him of false denials of guilt. *See* Dkt. No. 151 at 4. He also argues that "kindness, generosity, and hospitality" are pertinent character traits because the Government is likely to argue that Mr. Walji's positive interaction with the minor witness (and her mother) prior to the alleged offenses was "disingenuous grooming behavior."[2] *See id.* Mr. Walji also requests that he be permitted to call at least two witnesses to establish a reputation. *See id.* at 5.

Other than evidence of sexual morality/decency and law-abiding behavior, the Court will exclude evidence of all other proffered character traits, as none of the traits are pertinent to the charges. As to "kindness, generosity, and hospitality," courts have excluded evidence of such

---

[2] Mr. Walji does not argue in defense of any other proffered character traits. The Court deems this silence an admission that the Government's motion has merit as to those other traits. *Cf.* CrR 12(b)(4).

ORDER ON SUPPLEMENTAL MOTIONS IN LIMINE - 5

traits where they were not pertinent to the charges at hand.[3] *See, e.g.*, *United States v. Santana-Camacho*, 931 F.2d 966, 968 (1st Cir. 1992) (Breyer, J.) (affirming exclusion of evidence that defendant was "kind or a good family man" as irrelevant to illegal transportation charge); *United States v. Manfredi*, No. CR07-352, 2009 WL 3762966, at *3 (W.D. Pa. Nov. 9, 2009) (excluding evidence of defendant's "generosity" as irrelevant to tax evasion and related charges). Similarly, they are not pertinent to the instant charges of sexual abuse, as they do not "make any fact of consequence to the determination of the case more or less probable than it would be without the evidence of that trait." *United States v. Franco*, No. CR16-268, 2017 WL 11466629, at *1 (D. Ariz. Sept. 7, 2017) (quoting *United States v. Angelini*, 678 F.2d 380, 381 (1st Cir. 1982)) (internal quotation marks omitted). Further, "honesty" is not pertinent to the instant charges. Indeed, under Mr. Walji's theory (*i.e.*, supporting his denials of guilt), "honesty" would be relevant to *any* criminal charge and thus would become an exception that swallows the general rule against the admission of character evidence. *See* Fed. R. Evid. 404(a)(1).

However, the Court will permit Mr. Walji to call two character witnesses of his choice, as more than one witness will allow Mr. Walji to establish the existence of a reputation as to pertinent traits. *See* Fed. R. Evid. 405(a). Still, he will not be permitted to call all five proffered witnesses, as the testimony would be needlessly cumulative. *See* Fed. R. Evid. 403.

Therefore, as to character evidence, the Government's motion is GRANTED IN PART and DENIED IN PART.

**B.     Photo Evidence**

The Government also moves to exclude Mr. Walji's proposed Exhibit 9 (Dkt. No. 149-1) as inadmissible under FRE 401 and 403. *See* Dkt. No. 149 at 7–8. The Government argues that

---

[3] At this time, the Court has not been given any indication that the Government intends to introduce any evidence regarding grooming behavior.

ORDER ON SUPPLEMENTAL MOTIONS IN LIMINE - 6

the photo is irrelevant because it does not show the pants as they would have fit the minor witness, and prejudicial because the actual pants will be admitted by stipulation, thereby potentially confusing the jury. *Id.* Mr. Walji responds that the photo is the "most appropriate way" to demonstrate how the pants would have fit the minor witness, and that the witness will be free to testify whether the pants fit as shown or not. *See* Dkt. No. 151 at 5–6.

Here, the Court will exclude the photo, as its probative value is substantially outweighed by a danger of misleading the jury. *See* Fed. R. Evid. 403. Mr. Walji provides no information about the height or weight of the model depicted wearing the pants, nor what size of pants the model is wearing—all of which makes it impossible to determine if the photo accurately (or even somewhat accurately) depicts how the pants would have fit the minor witness at the time of the alleged offenses. Multiple sizes of clothes may fit a particular person, but they may fit differently depending on whether the clothes run true to size or smaller or larger than the size as well as a person's body type or shape. Moreover, the photo at issue here describes the "Stretch Level" of the pants as "High Stretch," further undermining the photo's probative value. Finally, the jury will be presented with the actual pants wore by the witness, as well as witnesses who saw the minor witness wearing the pants and can describe how they fit, all reducing the need for other depictions of the pants and only creating the potential for confusion.

Therefore, as to photo evidence, the Government's motion is GRANTED.

### IV.    CONCLUSION

Accordingly, the Government's Supplemental Motions *in Limine* (Dkt. No. 149) are GRANTED IN PART and DENIED IN PART. It is hereby ORDERED:

(1)     Mr. Walji may present up to two character witnesses of his choice. The character witnesses may testify to Mr. Walji's reputation for sexual morality and decency

and for law-abiding behavior. Any other testimony regarding these or any other character traits is EXCLUDED.

(2)   Mr. Walji's proposed Exhibit 9 (Dkt. No. 149-1) is EXCLUDED.

Dated this 9th day of September 2024.

Tana Lin
United States District Judge